IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOSE FLORES MOLINA, | ) | |
| | ) | |
| Defendant/Movant, | ) | Case Nos.  CV-05-268-S-BLW |
| | ) | CR-02-72-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER DENYING** |
| | ) | **CERTIFICATE OF** |
| Plaintiff/Respondent. | ) | **APPEALABILITY** |
| | ) | |

The Court previously denied all but one claim of Jose Flores Molina's ("Molina") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 22255.  *See Order* (Docket No. 14).  The Court held an evidentiary hearing on the sole issue of pre-trial ineffective assistance of counsel.  For the reasons set forth below, the Court denied Molina's remaining claim at the conclusion of the hearing.

## BACKGROUND

On April 15, 2002, Molina was charged with one count of possession with intent to distribute heroin and one count of possession with intent to distribute methamphetamine.  *Indictment* (Docket No. 1 in criminal case).   On January 30, 2003, following a jury trial, the Court imposed concurrent sentences of  360 months on each count. *Judgment* (Docket No. 53).  Molina alleges that counsel

**Memorandum Decision and Order Denying Certificate of Appealability - 1**

failed to communicate plea offers to him.  He further alleges that had counsel done so, he would have pled guilty.  Because subsequent pleadings on the issue revealed a factual dispute, the Court ordered an evidentiary hearing.

## STANDARD OF LAW

To demonstrate ineffective assistance of counsel, a defendant must establish two elements:  (1) deficient performance by counsel in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) that the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish the first element of deficient performance, a defendant must show that the representation fell below an objective standard of reasonableness.  *Id*. at 688.  To establish the second element of prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  *Id*.

The Sixth Amendment guarantees a criminal defendant the right to effective representation by counsel at all critical stages of the prosecution, including during plea negotiations.  *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002).  Failure to communicate a plea offer to a client is conduct that falls below an objective

**Memorandum Decision and Order Denying Certificate of Appealability - 2**

standard of reasonableness and, if true, satisfies the first part of the *Strickland* test. *Id.* To satisfy the second part of the test, a defendant must demonstrate that but for counsel's error, he would have accepted the offer and pleaded guilty. *Id.*

## DISCUSSION

At the evidentiary hearing held on April 5, 2010, the Court heard testimony and received exhibits on behalf of the Government from defense counsel Teresa Hampton. The exhibits included Ms. Hampton's letter to AUSA Lynne Lamprecht indicating that Molina was rejecting the plea agreement offered through prior defense counsel, the proposed plea agreement itself which contained a cooperation provision, and a letter from AUSA Lamprecht to prior defense counsel enclosing the proposed plea agreement. *See Minute Entry*, Exs. 1-3 (Docket No. 38).

Ms. Hampton testified that she discussed with Molina the option of entering the proposed written plea agreement versus the option of filing a motion to suppress and going to trial if the motion was denied. She further testified that after the motion to suppress was denied, she made further attempts to resolve the case without going to trial. The Government then orally offered to accept a plea in return for Molina's cooperation against a family member. However, Molina would not accept the terms of that offer.

Molina testified that he advised Ms. Hampton that he had been contacted at

**Memorandum Decision and Order Denying Certificate of Appealability - 3**

the Ada County Jail after the suppression hearing by agents wanting his cooperation, that he had told them he was interesting in pleading guilty and cooperating by identifying the source of the drugs in his possession and providing information about drug transactions, and that Ms. Hampton never followed through by arranging the cooperation.  Molina had not included information about the alleged agent contact in his previously submitted affidavit.

After hearing testimony and reviewing the exhibits, the Court concluded that it was absolutely clear that Ms. Hampton conveyed the Government's plea offers made during her representation and that Molina declined to enter into a plea agreement that contemplated cooperation against a family member.  The Court also concluded that his testimony about alleged contact by the agents was at best confusing and at worst untruthful.  Accordingly, the Court denied Molina's claim of pre-trial ineffective assistance of counsel.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard when the court has

**Memorandum Decision and Order Denying Certificate of Appealability - 4**

dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]  When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong.  *Slack,* 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Recently amended Rule 11 of the Rules Governing § 2255 Proceedings provides that the district court must issue or deny a certificate of appealability at the time it enters a final order adverse to the movant.  Rule 11(a), 28 U.S.C. foll. § 2255.  After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that defense counsel communicated all plea offers and that her performance did not constitute ineffective assistance of counsel to be debatable or wrong.  Accordingly, a certificate of appealability will not issue.

---

[1] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction.  *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997).  Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

**Memorandum Decision and Order Denying Certificate of Appealability - 5**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Jose Flores Molina's claim of pre-trial ineffective assistance of counsel is DENIED.

IT IS FURTHER HEREBY ORDERED that a certificate of appealability will not issue.  Molina is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall forward a copy of this Order to the Ninth Circuit Court of Appeals for filing in Ninth Circuit Case No. 10-354054 given that Molina has already filed a notice of appeal that has been transmitted to the Ninth Circuit.  The district court's file in this case is available for review online at www.id.uscourts.gov.



DATED: May 19, 2010

Honorable David A. Carter
United States District Judge

**Memorandum Decision and Order Denying Certificate of Appealability - 6**